USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
LAUNDRY, DRY CLEANING                          :
WORKERS AND ALLIED INDUSTRIES
HEALTH AND RETIREMENT FUNDS,    :        06 Civ. 11364 (WHP)

                Petitioners,           :        ORDER

                -against-                  :

WING GONG LAUNDRY, INC.,                    :

                Respondent.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Laundry, Dry Cleaning Workers and Allied Industries Health and Retirement Funds ("Laundry Workers") moves for a default judgment confirming an arbitration award against Wing Gong Laundry, Inc. ("Wing Gong") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 et seq. For the following reasons, Laundry Workers' motion is granted.

BACKGROUND

        Laundry Workers and Wing Gong are parties to a collective bargaining agreement (the "Agreement"). (Petition to Enforce Arbitration Award, dated Oct. 24, 2006 ("Pet.") ¶ 3.) The Agreement provides that Wing Gong must make weekly contributions to Laundry Workers' Health and Retirement Funds (the "Funds"). (Pet. ¶ 3.) It further specifies that any dispute between the parties regarding payments is subject to binding arbitration. (Pet. Ex. C ¶ 35.)

        Wing Gong failed to make certain contributions to the Funds causing Laundry Workers to commence arbitration. (Pet. ¶ 4.) A hearing was held on September 11, 2006. Wing

1

Gong received notice but did not attend. (Pet. Ex. A: Findings and Award, dated Sept. 11, 2006 ¶¶ 1, 3.) Following the hearing, the sole arbitrator issued an award in favor of Laundry Workers for $16,932.76 in unpaid contributions, legal fees, costs, liquidated damages and interest (the "Award"). (Pet. ¶ 6; Ex. A. ¶¶ 2-4.) The arbitrator also directed Wing Gong to produce its payroll records from the relevant period (the "Records"). (Pet. ¶ 7; Ex. A ¶ 4.) Wing Gong has neither satisfied the Award nor produced the Records. (Pet. ¶ 9.) On October 25, 2006, Laundry Workers filed this action seeking to confirm the Award. Wing Gong has been served but has not answered. Laundry Workers move for a default judgment against Wing Gong pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

DISCUSSION

I. Enforcement of Arbitration Award

Laundry Workers characterize their current application as a motion for a default judgment. However, "default judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, the petition and accompanying record should be treated like a motion for summary judgment, and when the respondent fails to answer, like a motion to which no opposition has been submitted. Abondolo v. Sasson, No. 06 Civ. 4835, 2007 WL 2154188, at *1-2 (S.D.N.Y. Jul. 18, 2007). In any event, confirmation of an arbitration award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). The "arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be

2

inferred from the facts of the case." <u>D.H. Blair</u>, 462 F.3d at 110 (internal quotation marks omitted).

The record supports Laundry Workers' Petition. First, any dispute between the parties relating to the Agreement is subject to binding arbitration. (Pet. Ex. C ¶ 35.) Thus, the arbitrator was empowered to assess damages arising from a breach of the Agreement. Second, the Agreement requires that Wing Gong remit weekly payments to the Funds and contains specific provisions governing delinquent contributions, accrual of interest and calculation of damages. (Pet. Ex. B ¶¶ 1,6.) The Agreement also permits the arbitrator to direct production of payroll records. (Ex. C ¶ 35.) Accordingly, the arbitrator was acting within the scope of his authority when he awarded an amount equal to the unpaid contributions, interest and liquidated damages and ordered the production of payroll records. Finally, there is no evidence of corruption, fraud, or any other impropriety on the part of the arbitrator; nor would the confirmation of this award be contrary to public policy. Accordingly, this Court grants Petitioners' unopposed Petition to confirm the Arbitration Award in the amount of $16,800.76. <u>See</u> <u>Herrenknecht Corp. v. Best Road Boring</u>, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y Apr. 16, 2007) (confirming arbitration award and judgment of specified sum).

II. <u>Fees, Costs and Interest</u>

The arbitrator also awarded attorney's fees and costs to Petitioners in the amount of $100 and $32. (Findings and Award 4.) ERISA requires courts to award "reasonable attorney's fees and costs of the action" to benefit plans whose representatives bring an action to recover delinquent contributions. 29 U.S.C. § 1132(g)(2). Petitioners also submit an affidavit

3

evidencing $350 in costs associated with this action. Laundry Workers' request for recovery of attorney's fees and costs is granted.

Laundry Workers further seek interest on Wing Gong's unpaid contributions. (Supp. Aff. ¶ 5.) There is a strong presumption in favor of granting such interest, where, as here, the collective bargaining agreement provides for final and binding arbitration. <u>Herrenknecht</u> at *3. Laundry Workers request interest at a rate of 18%, which is in accord with the terms of the Funds and is therefore granted. See <u>Trs. of the Amalgamated Ins. Fund v. Alteration Co., Inc.</u>, No. 89 Civ. 2031 (MJL), 1989 WL 111066, at *2-3 (S.D.N.Y. Sept. 18, 1989) (granting interest on an arbitration award at the rate specified in the plan rules for the fund).

## CONCLUSION

Accordingly, the arbitration award in favor of Laundry, Dry Cleaning Workers and Allied Industries Health and Retirement Funds is confirmed and the application for attorney's fees, costs and interest is granted. The Clerk of the Court is directed to enter judgment and mark this case closed.

Dated: August 16, 2007
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*
Judith Greenspan
Amalgamated Life
730 Broadway
New York, NY 10003
*Counsel for Plaintiffs*

4